

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JACK VAN HATTEN III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MARSHALLTOWN COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. 3AN-08-_11855_ CI |

## COMPLAINT

COMES NOW the Plaintiff, Jack Van Hatten III, by and through his attorney, Joseph A. Kalamarides of KALAMARIDES & LAMBERT, INC., and hereby complains and alleges as follows:

I.

That at all times relevant hereto, Plaintiff Van Hatten is a resident of the State of Alaska, Third Judicial District.

II.

Defendant, Marshalltown Company, is a corporation incorporated under the laws of the State of Arkansas and sells its products in the State of Alaska among other states.



LAW OFFICES OF
**Kalamarides & Lambert**
711 H STREET, SUITE 450
ANCHORAGE, ALASKA 99501
(907) 276-2135

III.

The Marshalltown Company is duly incorporated as a foreign corporation in Arkansas. The registered agent is "The Corporation Company", 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas, 72201. It is believed the bench was manufactured at this location.

The domestic corporation, is Marshalltown Company, 104 South 8th Venue, Marshalltown, Iowa, 50158. The registered agent is Joseph T. Carter.

IV.

At the times mention in this action, defendant designed, manufactured and distributed an aluminum work bench for sale to and use by ultimate consumers as a walk up. The company is one of national scope. It placed its product into commerce for commercial use through out the United States of America. This includes Alaska. Thus, it is foreseeable that its product would be used in Alaska.

V.

On or about November 29, 2006 plaintiff was employed by Neeser Construction, Inc. as a carpenter and he was installing sheet rock. While installing the sheet rock, plaintiff was standing on an aluminum work bench that was purchased by Neeser Construction and manufactured by Defendant Marhsalltown Company. Plaintiff got off the aluminum work bench. He got a hand full of screws and stepped up on the work bench. The left leg of the bench collapsed on the left side. As a result plaintiff fell striking his back on the bench.

Case 3:09-cv-00026-TMB   Document 1-2   Filed 02/12/09   Page 2 of 7

VI.

As a direct and proximate result of the accident describe above plaintiff received injuries to his back. He incurred necessary expenses for medical and surgical advice and treatment and will incur future medical expenses for treatment of his injuries.

VII.

At the time of the accident Plaintiff was employed as a carpenter. As a direct and proximate result of the accident set forth above, Plaintiff was prevented from attending to his usual vocation and suffered loss of wages. He will be unable to return to this vocation and has suffered permanent disability and future loss of wages.

VIII.

As a direct and proximate result of the accident set forth above, Plaintiff has suffered pain from his accident and will continue to suffered pain. He had incurred a permanent partial impairment to his body as a direct and proximate result of the accident.

IX

The aforesaid accident and resulting injuries and damages sustained by Plaintiff were caused as a direct and proximate result of the negligence, carelessness, breach of warranty, strict liability and other liability- producing conduct of the Defendant, its agents, servants, workmen, and/or employees, and was due in no fashion whatsoever to any act or omission on the part of Plaintiff.

LAW OFFICES OF
Kalamarides & Lambert
711 H STREET, SUITE 450
ANCHORAGE, ALASKA 99501
(907) 276-2135

### X.

The product described herein was defective, unreasonably dangerous, not fit for the ordinary and not fit for the ordinary and particular purpose for which it was designed and sold.

### COUNT I - PRODUCT LIABILITY

Plaintiff's allegations contained in paragraphs I through X are incorporated herein as though fully set forth.

### XI.

The aforesaid accident and the resulting injuries and damages sustained by Plaintiff were caused as a direct and proximate result of the liability-producing conduct of the Defendant which consisted of the following:

a. Failing to properly and adequately design, manufacture, test, to determine that the bench would not collapse causing injury to its user;

b. Failing to provide an adequate locking mechanism which would prevent the collapse of the bench while in use;

c. Failing to provide a locking mechanism which would prevent the collapse of the bench while in use; and

d. Failing to properly and adequately design manufacture said product, and its component parts, specifically those parts integral to the stability of the bench.

### COUNT II - NEGLIGENCE

Plaintiff's allegations contained in paragraphs I through XI are incorporated herein as though fully set forth.

XII.

The aforesaid accident and the resulting injuries and damages sustained by Plaintiff were caused as a direct and proximate result of negligent conduct of the Defendant which consisted of the following:

a. Failing to provide an adequate locking mechanism which would prevent the collapse of bench while in use; and

b. Failing to provide a locking mechanism which would prevent the collapse of the bench while in use.

## COUNT III - BREACH OF WARRANTY: ACTUAL AND IMPLIED WARRANTY OF FITNESS FOR USE AS INTENDED

Plaintiff's allegations contained in paragraphs I through XII are incorporated herein as though fully set forth.

XIII.

A. The company intended and warranted that the product was safe to stand up.

B. The product was not safe for its intended use, as warranted.

C. The product failed to act in the manner as warranted (both express and implied).

D. As a result of the failure of the product to meets the expectations created by the warranty, the plaintiff was injured.

E. The defendant is legally liable for the injuries and losses by the Plaintiff.

*Jack VanHatten v. Marshalltown Company*
Case No. 3AN-08-_____ CI
Page 5 of 7

## COUNT IV - FAILURE TO WARN

Plaintiff's allegations contained in paragraphs I through XIII are incorporated herein as though fully set forth.

XIV.

Plaintiff's allegations contained in paragraphs I through XIII are incorporated herein as though fully set forth.

Plaintiff is informed and believes, and based on that information and belief alleges, that the Bench described above had dangerous characteristics in that it while being used prescribed by defendant, could fail by not remaining locked. Defendant knew or should have known of these characteristics, but failed to worn plaintiff and other members of the public of them. That failure ultimately resulted in the damages and losses sustained by plaintiff.

XV

As a direct and proximate result of defendant's failure to warn of the above mentioned dangerous characteristics of the bench, plaintiff has sustained damages as described above.

## PRAYER

WHEREFORE, Plaintiff seeks judgment as follows:

1. For an award of compensatory damages in favor of Plaintiff in an amount to exceed $100,000.00;

2. For medical expenses past, present, and future;

3. For emotional distress past, present, and future;

4. For lost wages past, present, and future;

5. For loss of earning capacity past, present, and future;

6. For pain and suffering;

7. For permanent injury;

8. For loss of enjoyment of life past, present, and future;

9. For costs and attorney fees in favor of Plaintiff; and

10. For such other relief the court deems just and necessary.

DATED this _17_ day of November, 2008, at Anchorage, Alaska.

KALAMARIDES & LAMBERT<br>
Attorneys for Plaintiff<br><br>
By: _____<br>
Joseph A. Kalamarides<br>
ABA #7605038

LAW OFFICES OF
Kalamarides & Lambert
711 H STREET, SUITE 450
ANCHORAGE, ALASKA 99501
(907) 276-2135

Jack VanHatten v. Marshalltown Company
Case No. 3AN-08-_____ CI
Page 7 of 7